## HEILIG BROS. CO. v. NATIONAL LABOR RELATIONS BOARD.

### No. 737.

District Court, M. D. Pennsylvania.

Dec. 10, 1941.

John A. Hoober, of York, Pa., and John F. Dumont, of Little Falls, N. J., for petitioner.

Ruth Weyand, National Labor Relations Board, of Washington, D. C., for respondent.

JOHNSON, District Judge.

This is a petition to review an order of the National Labor Relations Board, respondent herein. The respondent has moved the court to dismiss this action for lack of jurisdiction. After hearing oral argument upon the motion to dismiss, the court has decided that the motion must be granted.

The National Labor Relations Act, 29 U.S.C.A. § 151 et seq., prescribes the procedure for reviewing orders made by the National Labor Relations Board. That Act provides that petitions to review orders of the board shall be filed in the Circuit Court of Appeals. Petitioner here claims that because the Circuit Court of Appeals was in vacation at the time this petition was filed, it had a right to file the petition in a District Court. Petitioner bases this argument upon the provisions of the Act which allow the National Labor Relations Board seeking an enforcement order, to apply to a District Court for such order, if the Circuit Court is in vacation at the time. However, there is no such provision in the Act relating to the filing of petitions for review.

The Board's petition to enforce its own order is entirely different and distinct from a party's petition for review. The petition for enforcement is one that may be for the benefit of either or both parties, and either or both parties, if aggrieved, must go to the Circuit Court of Appeals for review. Enforcement and review are two distinct proceedings, provided for in different subsections of the Act of Congress. Petitioner could have filed its petition for review in the Circuit Court even though that court was in vacation, which petition would have been decided before the board's petition for enforcement, filed at a later date. Petitioner can now go to the Circuit Court of Appeals and file an answer to the Board's petition for enforcement, in which case the merits of the Board's decision will be reviewed.

And now, December 10, 1941, the motion to dismiss is sustained, the petition for review is dismissed, and an exception is granted the petitioner.